IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Julien Garcon, ) | Civil Action No. 6:14-4332-RMG-KFM |
| ) | |
| Petitioner, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Warden Maureen Cruz, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the respondent's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment (doc. 33). The petitioner, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c)(D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

The respondent filed the motion on January 8, 2015. On January 9, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the motion to dismiss and summary judgment procedures and the possible consequences if he failed to adequately respond to the motion. On January 20, 2015, the petitioner filed a response in opposition to the motion, and the respondent filed a reply on January 30, 2015.

## **FACTS PRESENTED**

The petitioner has been incarcerated at the Federal Correctional Institution ("FCI") Williamsburg located in Salters, South Carolina, since August 27, 2008.  He is serving a 120-month sentence imposed by the United States District Court for the Southern District of Florida for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (doc. 18-1, SENTRY, Public Information Inmate Data at 2).  The petitioner's projected release date is January 9, 2016, with credit for good conduct time (*id*. at 3).

The petitioner is a citizen of Haiti and currently has an immigration detainer-notice of action lodged against him by the Department of Homeland Security, U.S. Immigration and Customs Enforcement Office ("ICE"), Chicago, Illinois Docket Control Office, which was entered on September 10, 2008 (doc. 18-2, SENTRY, Security Designation Data; doc. 18-3, SENTRY Sentence Monitoring Comp. Data at 3; doc. 1, petition at 1).  The petitioner's immigration detainer states that the U.S. Department of Homeland Security has "[i]nitiated an investigation to determine whether this person is subject to removal from the United States" (doc. 1-3, immigration detainer).  Due to his immigration detainer, the petitioner has a Public Safety Factor ("PSF") of Alien (doc. 23-2, SENTRY, Male Custody Classification Form; doc. 18-4, Tharon Mills decl. ¶ 3).

On November 7, 2014, the petitioner filed a petition claiming his constitutional rights are being violated because the respondent or the Bureau of Prisons ("BOP") "erred in classifying petitioner as a deportable alien without a deportation order or without a notice to appear for removal proceeding in order to deny him participation in the prison programs" (doc. 1, pet. at 3-6).  The petitioner  claims the immigration detainer should not be a factor in his ability to participate in the Residential Drug Abuse Program ("RDAP"), a release classification transfer closer to his family, possible six months home confinement, or pre-release residential re-entry center ("RRC") placement (*id*. at 3-5).

Eligible federal prisoners with substance abuse problems may receive treatment under the BOP's RDAP.  As an incentive for treatment, the BOP may reduce by up to one year the period of custody for an inmate who successfully completes the program. 18 U.S.C. § 3621(e)(2)(B).  The statutes state that determining which prisoners are eligible for substance abuse treatment is within the discretion of the BOP, as is the decision to reduce a prisoner's sentence by up to one-year upon the successful completion of such programs. *Id.* §§ 3621, 3624.  The BOP's Program Statement 5331.02, *Early Release Procedures Under 18 U.S.C. § 3621(e)*, sets forth the eligibility criteria for early release and states, "As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:  (1)  Immigration and Customs Enforcement detainees . . . ." (doc. 18-6, Excerpt from Program Statement 5331.02 at 3).  *See* 28 C.F.R. § 550.55 (same). Program Statement 5330.11, *Psychology Treatment Programs*, also requires that an inmate must be able to complete all three components of the program to participate in the RDAP (doc. 18-7, Excerpt from Program Statement 5330.11 at 2).  This program includes (1)  a unit-based component, (2)  follow-up services, and (3)  transitional drug abuse treatment component (*id.*).  Inmates must be able to complete the RRC or home confinement transfer as part of the transitional drug abuse treatment component (*id.*).  "A deportable alien is unqualified for the RDAP because he or she cannot participate in the transitional drug abuse treatment component because he or she is not eligible for RRC placement" (*id.* at 3).  Additionally, Program Statement 5325.07, *Release Preparation Program*, provides in pertinent part, "All sentenced (designated) inmates committed to Bureau custody are to participate in Release Preparation Programs (RPP) except those: . . .  with a Public Safety Factor (PSF) of Deportable Alien" (doc. 18-8, Excerpts from Program Statement 5325.07 at 2).

## APPLICABLE LAW AND ANALYSIS

The respondent first argues that the petitioner's claims are not proper for relief under 28 U.S.C. § 2241.  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the court lacks subject-matter jurisdiction.  Generally, the burden of proving subject-matter jurisdiction is on the plaintiff, the party asserting jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).  In determining whether it has jurisdiction, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.*  The motion to dismiss should be granted only if the "material jurisdictional facts are not in dispute" and the "moving party is entitled to prevail as a matter of law." *Id*. A petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir.2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) (en banc)). Other circuits have held that a challenge to a BOP decision governing placement in an RRC is a proper challenge to the execution of the inmate's sentence and is therefore properly brought pursuant to § 2241. *See Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006)*; Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 242–44 (3d Cir. 2005).  Further, this court has accepted challenges regarding placement in an RRC as properly brought under § 2241 in several cases. *See, e.g.*, *McNatt v. Mtichell*, C.A. No. 4:09-2334-RBH-TER, 2010 WL 3730552, at *1 (D.S.C. July 22, 2010), *adopted by* 2010 WL 3730350 (D.S.C. Sept. 3, 2010); *Cox v. Bauknecht*, C.A. No. 9:07–1114–GRA–GCK, 2008 WL 906643 (D.S.C. March 13, 2008); *Paschal v. Bauknecht*, C.A. No. 8:07–249–JFA–BHH, 2007 WL 4568979 (D.S.C. Dec. 20, 2007). Based upon the foregoing, the motion to dismiss for lack of subject matter jurisdiction should be denied.

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that

4

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The petitioner argues that the respondent erred in denying him participation in the pre-release and early release programs because no deportation order has been entered and he is not being detained by ICE (doc. 21, pl. resp. m.s.j. at 3).  However, the above BOP Program Statements only require that inmates with a PSF of Alien or those classified as ICE detainees are prohibited from participating in the RDAP and early release

5

programs. "Clearly, the BOP's exclusion of ICE detainees is rationally related to the legitimate governmental interest of preventing ICE detainees from fleeing." *See Talero v. O'Brien*, C.A. No. 1:11cv169, 2012 WL 1697348, at *6 (N.D. W. Va. April 19, 2012) (citing *Carranza v. Medellin*, 252 F.3d 1356 (5th Cir. 2001); *McClean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir.1999); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir.1998)). Accordingly, this claim fails.

The petitioner further contends that the respondent violated his due process rights by denying him participation in the prison pre-release and early release programs, such as the RDAP, RRC, nearer release transfer, and home confinement. The Due Process Clause applies only when government action deprives a person of a protected liberty or property interest under the Fifth Amendment. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). A protected liberty or property interest is one to which a person has "legitimate claim of entitlement." *Id*. (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id*. Courts have long held that a prison inmate has no interest of constitutional magnitude in either his security classification or his place of confinement. *Olim v. Wakinekona*, 461 U.S. 238, 345-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Inmates also possess no constitutionally protected interest in participating in specific rehabilitation or education programs. *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) ("Prisoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to 'due process' protections.") (citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976))); *Ketzel v. Trevino*, No. 01-10307, 2001 WL 822462, at *1 (5th Cir. June 18, 2001) ("Ketzel has not demonstrated that he had any protectable liberty interest in his education courses, and his due process claim fails."). "Courts considering whether an inmate has a liberty interest in participation in a RDAP have concluded that no such liberty interest

6

exists." *Mack v. Federal Bureau of Prisons*, C.A. No. 4:10-567-HMH-TER, 2011 WL 3419376, at \*4 (D.S.C. May 23, 2011), *adopted by* 2011 WL 3419373 (D.S.C. Aug. 3, 2011) (citations omitted).  Furthermore, as noted above, the BOP has broad discretion to grant or deny sentence reductions to eligible prisoners; thus, 18 U.S.C. "§ 3621(e) does not create an *entitlement* to early release" when a prisoner completes the RDAP, and due process rights are not implicated. *Hayes v. Warden, F.C.I. Gilmer*, C.A. No. 3:14-cv-91, 2015 WL 1542455, at \*7 (N.D. W. Va. April 2, 2015).  Accordingly, the plaintiff's due process claim fails.

The petitioner further claims that he is being treated differently than other inmates by being precluded from eligibility in the aforementioned prison programs and argues that his equal protection rights have been violated.  The petitioner's claim fails.  To demonstrate a violation of his equal protection rights, the petitioner must show that he has been treated differently from similarly-situated inmates and that the disparity in treatment is not rationally related to a legitimate governmental interest. *See Moss v. Clark,* 886 F.2d 686, 690 (4th Cir. 1989).  The exclusion of prisoners with ICE detainers from eligibility for a sentence reduction that is contingent upon completion of a community-based substance treatment program does not violate equal protection rights. *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir.1999) ("We do hold . . . that excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs.  Therefore, the detainer exclusion survives rational basis review."). *See Cespedes v. Laughlin*, C.A. No. 5:12-cv-24-DCB-MTP, 2014 WL 4639443, at \*3 (S.D. Miss. Sept. 16, 2014) ("The determination that ICE detainees are ineligible to participate in RRC programs has been repeatedly held to be rationally related to preventing those detainees from fleeing during the program.  Thus, [the] equal protection claim also fails.") (citations omitted);

*Fellove v. Federal Bureau of Prisons*, No. CV 310–058, 2010 WL 4941481, at *3 (S.D. Ga. 2010) ("[The petitioner] is subject to a valid [ICE] detainer; the Bureau's consideration of that detainer in declaring him ineligible for the RDAP or early release contingent on completion of the RDAP does not violate Petitioner's right to equal protection.") (citation omitted).  Based upon the foregoing, the petitioner's equal protection claim also fails.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment (doc. 18) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

June 25, 2015
Greenville, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).